# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-125V
Filed: September 12, 2025

| | |
|---|---|
| WYATT BELL,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Special Master Horner |

*Curtis R. Webb,* Curtis R. Webb Attorney at Law, Phoenix, AZ, for petitioner.
*Colleen Clemons Hartley,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 25, 2018, Wyatt Bell ("petitioner") filed a petition under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a mumps infection, juvenile idiopathic arthritis, amplified musculoskeletal pain syndrome, chronic fatigue syndrome, and depression as a result of his February 6, 2015 mumps, measles, rubella vaccination. Petition at 1. On June 3, 2024, the parties filed a joint stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 91.)

On November 14, 2024, petitioner filed a motion for attorneys' fees and costs. (ECF No. 96) ("Fees App.") Petitioner requests the following compensation: attorneys' fees and costs in the amount of $235,238.57, representing $196,978.70 in fees and

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

$38,259.87 in costs. Fees App. at 2-3. Petitioner did not indicate that he personally incurred costs in pursuit of this claim. *See* Fees App. On December 23, 2024, respondent filed a response to petitioners' motion. (ECF No. 97.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 4. Petitioner did not file a reply.

This matter is now ripe for consideration.

**I.      Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee

application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

Petitioner requests the following rates of compensation for his attorney, Mr. Curtis Webb: $407.50 per hour for work performed in 2016, $424.00 per hour for work performed in 2017, $440.00 per hour for work performed in 2018 and 2019, $458.50 per hour for work performed in 2020, $482.00 per hour for work performed in 2021, $497.50 per hour for work performed in 2022, $524.00 per hour for work performed in 2023, $553.50 per hour for work performed in 2024. Fees App. Ex. A. Additionally, for paralegals, Petitioner requests: $100.00 per hour for work performed in 2018, $135.00 per hour for work performed in 2019, $155.00 per hour for work performed in 2021, and $183.50 per hour for work performed in 2024. These rates are consistent with what counsel has previously been awarded for his Vaccine Program work and I find them to be reasonable herein. I shall also award the requested paralegal time at the provided rates.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g., McCulloch*, 2015 WL 5634323, at *26.

Upon review, I find that some of the time billed in this matter was excessive and requires reduction. In March and June of 2023, petitioner's counsel spent 55.32 hours conducting independent medical research for which he billed $28,987.68. However, at that time, petitioner had already retained an expert. In fact, the March 2023 billing entries indicate that counsel billed time for watching instructional videos produced by petitioner's expert. Additionally, this case was in mediation for potential settlement at the time of this billing. While there is no question that effective prosecution requires that counsel be familiar with the medical issues at stake, I find the overall amount of time spent on medical research by counsel to be excessive in this case, especially in light of the procedural posture at the time. Accordingly, I reduce this time by half, resulting in a reduction of **$14,493.84**.

Petitioner is therefore awarded final attorneys' fees of $182,484.86.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $38,259.87 in attorneys' costs. Fees App. at 2. These costs are comprised of acquisition of medical records, the Court's filing fee, postage, life care planner fees, and expert fees. Fees App. Ex. B, D, E. Dr. Charles Lapp billed at a rate of $400.00 per hour for 55.75 hours, totaling $22,300.00. Fees App. Ex. D. Life care planner Liz Kattman with Re-Entry Rehabilitation Services, Inc. billed at a rates between $112.00 and $225.00 per hour for 78.23 hours, and travel expenses for the client visit, totaling $15,144.50. Fees App. Ex. E.

I find that these costs have been supported with the necessary documentation and are reasonable. Petitioner is therefore awarded the full amount of costs sought.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioner and his counsel as follows: **a lump sum in the amount of $220,744.73, representing reimbursement for petitioner's attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).